IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of DAVID A. GODFREY and YUKOS FINANCE B.V. for an order to conduct discovery for use in a foreign proceeding from Robert Foresman.<br><br>                    Petitioners. | Case No. 18-mc-00363-LAK |

# RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO QUASH SUBPOENA

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT ...............................................................................................................................3

   I.    THE FEDERAL RULES AND *INTEL* FACTORS WEIGH HEAVILY IN FAVOR OF QUASHING PETITIONERS' SUBPOENA ................................................................3

      A.   Foresman Is a Party to the English Proceedings, Which Alone Is Good Cause to Quash the Subpoena...........................................................................................................4

      B.   The Subpoena Plainly Attempts to Circumvent the Calibrated Schedule of the English Proceedings and Gain an Unfair Advantage............................................................7

      C.   The Subpoena Seeks Cumulative and Irrelevant Information, and Petitioners Fail to Articulate Any Good Reason to Subject Foresman to Another Deposition ........................8

CONCLUSION..........................................................................................................................12

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*All Star Seed v. Nationwide Agribusiness Insurance Co.*,
  2013 WL 1882260, at *7 (S.D. Cal. May 3, 2013) ................................................................. 12

*In re Ex Parte Application of Porsche Automobil Holding SE*,
  2016 WL 702327 (S.D.N.Y. Feb. 18, 2016) ........................................................................... 5

*In re Auto-Guadeloupe Investissement S.A.*,
  2012 WL 4841945 (S.D.N.Y. Oct. 10, 2012) ......................................................................... 5

*Bonnie & Co. Fashions, Inc. v. Bankers Tr. Co.*,
  945 F. Supp. 693 (S.D.N.Y. 1996) ......................................................................................... 10

*Chang v. Safe Horizons*,
  2004 WL 1874965 (S.D.N.Y. Aug. 20, 2004) ........................................................................ 10

*Cuthbertson v. Excel Indus., Inc.*,
  179 F.R.D. 599 (D. Kan. 1998) .............................................................................................. 10

*In re Emergency Ex Parte Application of Godfrey*,
  2018 WL 1863749 (S.D. Fla. Feb. 22, 2018) ....................................................................... 5, 6

*In re Escallón*,
  Case No. 18-00207, Dkt. 27 (S.D.N.Y. Sept. 4, 2019) (Cote, J.) ..................................... 4, 6, 11

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995) .................................................................................................. 12

*In re Fischer Advanced Composite Components AG*,
  2008 WL 5210839 (W.D. Wash. Dec. 11, 2008) ................................................................ 7, 11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ....................................................................................................... passim

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*,
  895 F.3d 238 (2d Cir. 2018) ................................................................................................... 3

*In re Mare Shipping Inc.*,
  2013 WL 5761104 (S.D.N.Y. Oct. 23, 2013), *aff'd sub nom. Mare Shipping
  Inc. v. Squire Sanders (US) LLP*, 574 F. App'x 6 (2d Cir. 2014) ......................................... 4, 6

*Mees v. Buiter*,
  793 F.3d 291 (2d Cir. 2015) .................................................................................................. 12

*In re RSM Prod. Corp.*,
    2018 WL 1229705 (S.D.N.Y. Mar. 9, 2018) .............................................................................11

*In re Servicio Pan Americano de Proteccion*,
    354 F. Supp. 2d 269 (S.D.N.Y. 2004) ......................................................................................5

**Statutes**

28 U.S.C. § 1782 ........................................................................................................................2, 3

**Other Authorities**

8A Charles Alan Wright et al., Federal Practice & Procedure § 2104 (3d ed. Rev.
    2017) .........................................................................................................................................9

Fed. R. Civ. P. 26 .......................................................................................................................8, 9

Fed. R. Civ. P. 30 ...........................................................................................................................9

Fed. R. Civ. P. 45 ...........................................................................................................................9

**PRELIMINARY STATEMENT**

Respondent and Movant Robert Foresman was sued in England by Petitioners David Godfrey and Yukos Finance, B.V. Foresman intends to testify in the English Court, is providing discovery in accordance with the rules and orders of the English Court, and has submitted to the jurisdiction of the English Court. But Petitioners nonetheless seek to have him sit for a deposition and provide documentary discovery in the United States. This Court should quash Petitioner's subpoena based on the Federal Rules of Civil Procedure as well as the guidance of *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) and its progeny. Individually and together, the following *Intel* discretionary factors show that the subpoena is misplaced:

First, the subpoena is directed to a party in the foreign proceeding, indeed a party who is actively participating in the foreign proceeding. Accordingly, that *Intel* factor weighs heavily in favor of Foresman.

Second, the subpoena circumvents the foreign proceeding's fact-gathering processes and, in particular, the English's court's carefully crafted plan for the exchange of testimony and other information, including the required production of relevant documentary evidence. So that factor also weighs heavily in favor of Foresman.

Third, the subpoena is unduly burdensome. Among other things, it would require Foresman to sit for a second deposition relating to the exact same subject matter of a deposition he gave in 2014. Moreover, according to Petitioners themselves, the purpose of this second-bite-at-the-apple is to question Foresman about documents that their previous lawyers—a large multinational firm—admittedly had in their possession at the time of the 2014 deposition. This *Intel* factor of undue burden also weighs in favor of Foresman.

1

## STATEMENT OF FACTS

Respondent Foresman is a party defendant in a litigation brought by Petitioner David Godfrey, and others, pending in London, England before the High Court of Justice, Business, and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "English Court") under Claim No. CL-2015-000829 (the "English Proceedings."). Declaration of Robert Foresman ("Foresman Decl.") ¶ 1. Foresman has not sought to avoid service of process or otherwise evade jurisdiction of the English Court. Declaration of Mark Dawkins ("Dawkins Decl.") ¶ 4. Indeed, Foresman intends to participate in the English Proceedings; he both intends to submit a witness statement and testify at the upcoming trial. Foresman Decl. ¶ 2. The English Proceedings concern the 2007 auction of Yukos Finance B.V., a matter that was also central to a litigation in the Netherlands (the "Dutch Proceedings"). Foresman Decl. ¶ 3. Foresman was not a party in the Dutch Proceedings. *Id.*

In 2014, Petitioner David Godfrey sought deposition discovery from Foresman in connection with the Dutch Proceedings pursuant to 28 U.S.C. § 1782. Foresman Decl. ¶ 4. Foresman did not oppose the 2014 application, *id.* ¶ 9, and was deposed by Petitioners' counsel in November 2014. *Id.* ¶ 5. Petitioner Godfrey attended Foresman's 2014 deposition. *Id.* At that deposition, Foresman was questioned regarding the 2007 auction of Yukos Finance B.V. and the contents of various documents from his former employer, Renaissance Capital (the "RenCap Documents"), which had been obtained by Petitioner Godfrey. *Id.* ¶ 6. Petitioners' counsel did not inform Foresman that they were constrained in their questioning for lack of time to prepare or any other reason, or that they intended to call Foresman for another deposition. *Id.*

Now, Petitioner Godfrey seeks to again depose Foresman about the 2007 auction of Yukos Finance, B.V. and the RenCap Documents, this time supposedly in connection with the English Proceedings. *Id.* ¶¶ 6-7. Discovery is already underway in the English Proceedings: in

2

December 2017, the English Court entered a case management order setting forth the schedule and procedures for the case (the "Case Management Order"). Dawkins Decl. ¶ 5. Among other things, the Case Management Order provides that the parties to the English Proceedings shall exchange document disclosure by list by 4 p.m. on Friday, September 21, 2018, with inspection of such documents within seven days after notice. *Id.* ¶ 14. It further provides that fact witnesses shall exchange witness statements on December 14, 2018, a deadline that applies equally to both the Claimants and the Defendants in the English Proceedings. *Id.* ¶ 17. Fact witnesses may be cross-examined on their statements during the trial currently set to take place between June 10, 2019 and July 4, 2019. *Id.* ¶ 19.

## ARGUMENT

### I. THE FEDERAL RULES AND *INTEL* FACTORS WEIGH HEAVILY IN FAVOR OF QUASHING PETITIONERS' SUBPOENA

In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 241 (2004), the Supreme Court identified four factors relevant to whether courts should exercise their discretion in favor of granting discovery when faced with an application to seek discovery pursuant to 28 U.S.C. § 1782: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal and the character of the foreign proceedings; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *See Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018). Even if discovery could be authorized under section 1782, it must be taken "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782. Here, both the Federal Rules and the *Intel* factors militate in favor of quashing the subpoena.

3

At bottom, Petitioners' request is nothing more than a second (or even third) bite at the apple—one transparently designed to do little more than burden Foresman and gain the upper hand in the English Proceedings. As recently as September 4, 2018, this Court has made clear that such vexatious tactics are outside the proper scope of § 1782. *See* Opinion and Order at 14-17, *In re Escallón*, Case No. 18-00207, Dkt. 27 (S.D.N.Y. Sept. 4, 2018) (Cote, J.) (holding § 1782 petition would likely be denied as a discretionary matter where targets of requested discovery were "active participants" in foreign litigation and petitioner had already examined them on relevant matters). This Court should quash Petitioners' subpoena.

### A. Foresman Is a Party to the English Proceedings, Which Alone Is Good Cause to Quash the Subpoena

Foresman is a party to the English Proceedings, which alone weighs heavily in favor of quashing the subpoena. Where the foreign tribunal "has jurisdiction over those appearing before it, [the foreign tribunal] can itself order them to produce evidence." *Intel*, 542 U.S. at 264; *see also In re Mare Shipping Inc.*, 2013 WL 5761104, at *5 (S.D.N.Y. Oct. 23, 2013) ("Because [Respondent] is the opposing party in the [foreign proceeding], Applicants' need for section 1782 discovery is less apparent, as Applicants can apply to the foreign tribunal to compel [Respondent] to . . . produce the materials."), *aff'd sub nom. Mare Shipping Inc. v. Squire Sanders (US) LLP*, 574 F. App'x 6 (2d Cir. 2014). "To the extent that any documents or testimony . . . are at all relevant to any of the [English Proceedings], Petitioner[s'] recourse is to the [English Court], not the Southern District of New York." *See* Opinion and Order at 15, *In re Escallón*, Case No. 18-00207.

Here, the English Court has issued the Case Management Order, which governs the discovery process in the English Proceedings, and Foresman, as a party participant, is bound by that Order. Dawkins Decl. ¶¶ 5, 14, 17. In fact, counsel for Foresman participated in the

4

negotiation over the Case Management Order.  Dawkins Decl. ¶¶ 5-6.  Foresman intends to submit a witness statement.  Foresman Decl. ¶ 2.  Pursuant to the Case Management Order, Foresman's witness statement will be exchanged simultaneously along with the witness statements given by the other witnesses in the English Proceedings on December 14, 2018.  Dawkins Decl. ¶ 17.  Because Foresman, as a party to the English Proceedings, intends to participate in the discovery process ordered by the English Court, the first *Intel* factor weighs heavily against permitting discovery to go forward.

The cases cited by Petitioners relating to the first *Intel* factor were not decided under similar circumstances and do not support granting discovery here.  First, all but one of those cases involved a request for the production of documents in a "civil law" jurisdiction; in each, the court mentioned the high degree of specificity needed to seek documents in the respective jurisdiction as its rationale for ordering discovery on a party to the foreign proceeding.  *See In re Ex Parte Application of Porsche Automobil Holding SE*, 2016 WL 702327, at *8 (S.D.N.Y. Feb. 18, 2016) ("Porsche would have to specify with considerable precision the particular documents it wants in order to get document production in Germany." (internal quotation omitted)); *In re Auto-Guadeloupe Investissement S.A.*, 2012 WL 4841945, at *5 (S.D.N.Y. Oct. 10, 2012) ("The actual documents must be specifically identified to the court before the French court will consider ordering its production."); *In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) ("[A] Venezuelan court apparently cannot order [respondent] to produce the requested insurance documentation unless [petitioner] has detailed information about the nature and extent of the documentation.").  And, although it relates to the English Proceedings, *In re Emergency Ex Parte Application of Godfrey* is similarly unhelpful for Petitioners because it deals with a party who had previously demonstrated an unwillingness to

5

participate in the foreign proceeding. 2018 WL 1863749 (S.D. Fla. Feb. 22, 2018) ("*Godfrey/Lynch*"). The *Godfrey/Lynch* court held that "participation in the foreign proceedings does not automatically foreclose § 1782 aid where there has been noncompliance with discovery obligations." *Id.* at *8. Due to Lynch's well-chronicled attempts to avoid participating in the English proceedings, the *Godfrey/Lynch* court permitted discovery (albeit drastically reduced on relevance grounds). *Id.* at *11.

This case presents none of the concerns raised in cases cited by Petitioners. Far from suggesting concerns regarding the scope of discovery in a foreign jurisdiction, Petitioners tout that an English court "hears the testimony of witnesses and receives documents in evidence, very much as American courts do."[1] Pet'rs' Mem. Law Supp. Pet., Dkt. 2 ("Mem.") at 15, 18 (citations omitted). And unlike the respondent in *Godfrey/Lynch*, Foresman has participated in the English Proceedings, and intends to continue. O'Sullivan Decl. ¶ 25; Foresman Decl. ¶ 2. Petitioners offer no evidence that Foresman has been evasive, nor any support for their suggestion that he might not submit a witness statement. O'Sullivan Decl. ¶¶ 25, 26. In fact, Petitioners have never asked Foresman whether or not he plans to submit a witness statement.

Because Foresman is a party to the English Proceedings, Foresman has participated in the English Proceedings, and there is no evidence to suggest that Foresman will not continue to participate in the English Proceedings, it is clear that the English Court has jurisdiction over

---

[1] Petitioners only apparent concern with the scope of the English Court's discovery procedures relates to their limited ability to obtain American-style discovery. O'Sullivan Decl. ¶ 28. But such difficulty "is not an excuse to circumvent [English] procedures altogether by seeking discovery in New York." *See* Opinion and Order at 16, *In re Escallón,* Case No. 18-00207; *see also In re Mare Shipping*, 2013 WL 5761104 at *5 ("Courts in this district have previously denied section 1782 requests when a party had not first sought production in the foreign forum." (citation omitted)).

Foresman's testimony. As such, the first *Intel* factor weighs heavily against ordering discovery in this district.

> **B. The Subpoena Plainly Attempts to Circumvent the Calibrated Schedule of the English Proceedings and Gain an Unfair Advantage**

The timing of the Subpoena makes plain Petitioners' "attempt to circumvent foreign proof-gathering restrictions" already in place in the English Proceedings, thus running afoul of the third *Intel* factor. 542 U.S. at 264. The Case Management Order governs the deadlines for a production of documents and the submission of witness statements in the English Proceedings. Petitioners' request for an immediate deposition on topics related to the English Proceedings is gamesmanship, intended to prejudice Foresman by discovering his information on a schedule other than that prescribed in the Case Management Order. To that end, Petitioners' preemptive strike "undermines the legitimacy of their requests." *See In re Fischer Advanced Composite Components AG*, 2008 WL 5210839, at *4 (W.D. Wash. Dec. 11, 2008) (questioning "true motivation" of application brought prior to party's "opportunity to comply with their standard disclosure obligations" in ongoing English proceedings).

First, the Case Management Order provides for the simultaneous exchange of witness statements. Under English law (CPR 32.4), a court may determine whether witness statements should be submitted simultaneously or sequentially. Historically, courts have favored simultaneous exchange, in an effort to avoid careful tailoring of a statement by a second-filing party in response to a previously filed witness statement. In the English Proceedings, the Case Management Order provides for simultaneous filings by all witnesses on December 14, 2018. Again, Petitioners attempt to circumvent the English Court's process and control by asking this Court for an immediate deposition of Foresman.

7

The Subpoena also attempts to circumvent the Case Management Order by denying Respondent the ability to review documents prior to giving testimony.[2]  Petitioners' application is premised upon asking Respondent questions related to the RenCap Documents.  Although Petitioners have apparently had these documents since at least 2014—they received them prior to Foresman's prior deposition— Foresman and the other Defendants in the English Proceedings have not yet seen the vast majority of the RenCap Documents in Petitioners' possession.  The Case Management Order appropriately provides for nearly three months' time between the production of documents and the submission of witness statements, and longer for the witnesses to prepare to be cross-examined.  Petitioners' request for discovery would require Respondent to testify either "in the dark" or at least without the benefit of the preparation afforded to the other parties in the English Proceedings.

This Court should view the Case Management Order for what it is: the English Court's articulation of the proper discovery procedures in the English Proceedings.  Petitioners' request contravenes the Case Management Order, and thus the third *Intel* factor weighs in favor of denying discovery.

### C. The Subpoena Seeks Cumulative and Irrelevant Information, and Petitioners Fail to Articulate Any Good Reason to Subject Foresman to Another Deposition

Only evidence that is relevant to a party's "claim or defense and proportional to the needs of the case" is discoverable, and even then, courts should limit requests when the "burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1); *see also Intel*, 542 U.S. at 265 (cautioning courts to consider whether requests are "unduly intrusive or burdensome").  The categories of documents sought by the subpoena are more intrusive than

---

[2] Ironically, Petitioners' key concern is their inability to effectively depose Mr. Foresman based on their failure to fully review the previously-received documents.

8

relevant; indeed, since the Petitioners make no attempt to suggest their relevance, the denominator in the ratio of burden to usefulness is zero.[3] As for the requested deposition, by Petitioners' own admission, its purpose is to cover facts identical to those about which Foresman already testified in Petitioners' prior deposition. As such, the Subpoena fails to meet the standards set forth both in the Federal Rules as well as Supreme Court guidance and this Court ought to quash the Subpoena accordingly. *See* Fed. R. Civ. P. 45(d)(3)(A) ("[T]he court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden.").

Rule 30 of the Federal Rules of Civil Procedure governs the taking of depositions in a civil case. A "longstanding position [in federal practice is] that only one deposition is allowed per witness." 8A Charles Alan Wright et al., Federal Practice & Procedure § 2104 (3d ed. Rev. 2017). Rule 30(a)(2)(A) governs the exception to that general rule, explaining that a party seeking a repeat deposition "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition."

In considering a request for a second deposition, courts must consider the discovery limits set forth in Rule 26, and should thus limit the request when (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or if (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2).

---

[3] Tellingly, in addition to omitting any discussion of the categories of documents requested by the Subpoena, Petitioners consistently refer to the Subpoena as a "subpoena *ad testificandum*."

Courts disfavor repeat depositions, and with good reason: "Scheduling a second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense." *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 604-605 (D. Kan. 1998) (internal citations and quotations omitted). This is particularly true where, as here, a party "intend[s] simply to re-hash old testimony." *See Bonnie & Co. Fashions, Inc. v. Bankers Tr. Co.*, 945 F. Supp. 693, 732-33 (S.D.N.Y. 1996) (denying leave to take second deposition); *see also Chang v. Safe Horizons*, 2004 WL 1874965, at *1 (S.D.N.Y. Aug. 20, 2004) (denying request to reopen deposition where witness had already responded to "extensive questions" regarding the matter at issue).

Petitioners fail to articulate any good cause to question Foresman a second time, let alone in a renewed seven-hour deposition covering the exact same topics that were exhausted in a deposition four years ago. Petitioners admit that the "English Proceedings involve the same set of underlying allegations and core set of facts as the Dutch Proceedings." Mem. at 2. And they further admit that Foresman has already been deposed in connection with the Dutch Proceedings—presumably on that "same set of underlying allegations and core set of facts." Mem. at 22. Yet they fail to explain why that first deposition did not suffice to discover Foresman's knowledge on the subject.

Absent any new facts or even any new allegations since that first deposition, Petitioners' request for a second deposition of Foresman falls short of each factor outlined in Rule 26: a second deposition would be both "unreasonably cumulative and duplicative" of Foresman's prior testimony on the same subject matter, and Petitioners have already had "ample opportunity" to question Foresman in the prior deposition. Thus, any marginal value of the new proposed

10

discovery is far outweighed by its "burden or expense," and accordingly far outside the scope of discovery permitted by Rule 26(b)(1).

These considerations carry even more force in the context of a subpoena served pursuant to § 1782—especially when considering that Foresman is a participating party to the English Proceedings, and intends to submit a statement in accordance with the discovery procedures already underway in those proceedings. Foresman Decl. ¶ 2. Indeed, Petitioners' demand for this second deposition of Foresman is the exact "unduly intrusive or burdensome" discovery request that the Supreme Court proscribed in *Intel*. 542 U.S. at 265; *see also* Opinion and Order at 15-16, *In re Escallón*, Case No. 18-00207 (charactering demand for second deposition on topics already examined as a "second bite at the apple," and an "apparent attempt" to circumvent restrictions placed by foreign tribunal); *In re RSM Prod. Corp.*, 2018 WL 1229705, at *3 (S.D.N.Y. Mar. 9, 2018) (denying discovery where petitioners had already sought relevant documents in separate § 1782 application because their apparent dissatisfaction with that discovery "is not a basis to file a new proceeding" and remarking that the new application appeared to be "duplicative, vexatious, and brought in bad faith"); *In re Fischer*, 2008 WL 5210839, at *3-5 (denying discovery from parent company as unduly burdensome because subsidiary was a party to the English proceedings and could provide discovery there).

Petitioners point only to so-called "newly obtained documents" in support of their attempt to compel Foresman to a second deposition. Mem. at 22. But they concede that the documents were obtained prior to the 2014 deposition, and instead complain that they "did not have the opportunity to complete reviewing and analyzing prior to Mr. Foresman's prior deposition." *Id.* This is puzzling, considering Petitioners were represented by Gibson Dunn, a global law firm with over 1,000 attorneys, and doubtless had the resources available to conduct a

review of the documents prior to the deposition.  Even so, Petitioners never asked for additional time to conduct any review, and never even informed Foresman that they intended to call him for another deposition because of their inability to review the documents.  Foresman Decl. ¶ 7.  Petitioners' reliance on *All Star Seed v. Nationwide Agribusiness Insurance Co.*, thus falls flat: the court found good cause to re-open deposition questioning about certain documents "*solely* due to Defendant's failure to produce them" before the deposition, not because the deposing party failed to review documents already in its possession.  *See* 2013 WL 1882260, at *7 (S.D. Cal. May 3, 2013) (emphasis added).

Petitioners offer no additional context about these "newly obtained documents" because there is none.  They had these documents in their possession prior to the 2014 deposition, and failed to ask Foresman about them at that time.  Their failure provides no basis to compel Mr. Forseman to endure a repeat deposition four years later.

Because Petitioners' request is vexatious and "'unreasonably seeks cumulative . . . materials,'" the Court should "'deny the application *in toto*.'"  *Mees v. Buiter*, 793 F.3d 291, 302 n.18 (2d Cir. 2015) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995)).

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court quash Petitioners' Subpoena.

Dated: September 14, 2018
      New York, New York

Respectfully submitted.

/s/ *Robert H. Pees*
Robert H. Pees
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
Email: rpees@akingump.com

*Counsel for Respondent Robert Foresman*